UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCTAVIO H. A.,[1]<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESNUT, et al.,<br><br>Respondents. | Case No. 1:26-cv-05397-JLT-FJS<br><br>ORDER GRANTING THE *PRO HAC VICE* APPLICATION OF MARTI L. JONES<br><br>(ECF No. 2) |

Before the Court is the application of Marti L. Jones, attorney for Petitioner Octavio H. A., for admission to practice *pro hac vice*. (*See* ECF No. 2.)

The Supreme Court has described *pro hac vice* attorneys as one time or occasional practitioners. *Frazier v. Heebe*, 482 U.S. 641, 647 (1987). The right to appear *pro hac vice* is not absolute and a court may deny the application by setting forth reasons for the denial. *United States v. Ries*, 100 F.3d 1469, 1471–72 (9th Cir. 1996). Rule 180(b)(2) of the Local Rules of Practice of the United States District Court for the Eastern District of California provides in pertinent part:

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-lsuggestion_cacm_0.pdf.

> **Attorneys Pro Hac Vice.** An attorney who is a member in good standing of, and eligible to practice before, the Bar of any United States Court or of the highest Court of any State, or of any Territory or Insular Possession of the United States, and who has been retained to appear in this Court may, upon application and in the discretion of the Court, be permitted to appear and participate in a particular case. Unless authorized by the Constitution of the United States or an Act of Congress, an attorney is not eligible to practice pursuant to (b)(2) if any one or more of the following apply: (i) the attorney resides in California, (ii) the attorney is regularly employed in California, or (iii) the attorney is regularly engaged in professional activities in California.

L.R. 180(b)(2).

As an initial matter, the undersigned notes that this is the eighteenth *pro hac vice* application made by Attorney Jones since March 27, 2026. (*See* ECF No. 2 at 3.) The undersigned notes that Attorney Jones has sought *pro hac vice* appointment for immigrant habeas corpus petitions exclusively.

Ordinarily, the appearance of an attorney who is not licensed to practice in California for eighteen separate matters over four months would strongly support a finding that said attorney was not a "one time or occasional practitioner". *See Frazier*, 482 U.S. at 647. It follows that said attorney is inappropriately engaged in "regular" professional activities under Local Rule 180. Yet this district has been faced with a sudden and overwhelming spike in petitions for habeas corpus from immigrant detainees. *See* Habeas Dockets, Eastern District of California, Tracked Cases, https://habeasdockets.org/dockets/court/caed/ (last visited July 14, 2026) (there are an estimated 4095 active cases in this district). Thus, given the ongoing judicial emergency in this district and the resource constraints facing the local bar, the undersigned finds it appropriate to grant the pending *pro hac vice* application (ECF No. 2). *See* Eastern District of California Judicial Emergency, https://www.caed.uscourts.gov/caednew/index.cfm/news/judicial-emergency/ (last visited July 14, 2026).

Accordingly, the application for admission to practice *pro hac vice* is HEREBY GRANTED. The *pro hac vice* attorney is DIRECTED to request filing access through PACER.

IT IS SO ORDERED.

Dated: **July 14, 2026**

UNITED STATES MAGISTRATE JUDGE